IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCES S. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0087-CVE-FHM |
| | ) | |
| CINGULAR WIRELESS LLC, a | ) | |
| limited liability company; CINGULAR | ) | |
| WIRELESS DISABILITY BENEFITS | ) | |
| PLAN FOR BARGAINED | ) | |
| EMPLOYEES, an ERISA plan; and | ) | |
| CINGULAR WIRELESS HEALTH | ) | |
| AND WELFARE BENEFITS PLAN | ) | |
| FOR BARGAINED EMPLOYEES - | ) | |
| MEDICAL BENEFITS, an ERISA | ) | |
| plan, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Now before the Court is Plaintiff's Objection to [Appeal of] Order [Docket No. 36] (Dkt. # 44). This is an appeal of the magistrate judge's order denying plaintiff's objection to defendants' opposed submission of the administrative record for plaintiff's claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). The magistrate judge also granted in part and denied in part plaintiff's motion to conduct discovery in support of plaintiff's argument that the plan administrator, Broadspire, was operating under a conflict of interest when it denied plaintiff's claim for disability benefits.

I.

On August 23, 2006, defendants submitted an opposed administrative record in connection with plaintiff's ERISA claim. Defendants noted that plaintiff objected to the administrative record and that the parties were unable to resolve plaintiff's objections. Dkt. # 29. Plaintiff filed an

objection to administrative record on the ground that it was incomplete, and plaintiff referenced three exhibits attached to her objection.[1]  Exhibit C is a letter from Broadspire to plaintiff, dated February 22, 2005, that generally describes the process for applying for short-term disability benefits, but the letter does not contain information specific to plaintiff's claim.  Exhibit D is a newsletter to Cingular Wireless ("Cingular") employees describing disability insurance benefits and employees' rights under the Family and Medical Leave Act.  Exhibit E is W-2 Wage and Tax Statement showing plaintiff's taxable short-term disability benefits for 2005.

Throughout this case, plaintiff has sought discovery in support of her ERISA claim.  On July 31, 2006, Plaintiff's counsel sent a letter to defendant seeking production of documents showing "any contractual relationships between the plan or the plan administrator and Broadspire, together with any letters, memos, or other documentation relative to the negotiation, solicitation, or utilization of the Broadspire services."  Dkt. # 30, Ex. B., at 4.  The magistrate judge agreed that plaintiff should be permitted limited discovery concerning the possible existence and extent of a conflict of interest by the plan administrator.  The magistrate judge treated plaintiff's July 31, 2006 letter as a discovery request to expedite matters, but found that plaintiff's discovery request was far too broad.  Because the parties did not dispute that defendants delegated decision-making authority to Broadspire, plaintiffs had no need for information relating to defendants' negotiation with or solicitation of Broadspire's services.  The magistrate judge found that the plaintiff was entitled to the agreement between defendants and Broadspire "concerning how Broadspire is compensated, and

---

[1]     For ease of reference, the Court will refer to the disputed items as Exhibits C, D, and E.  The parties and the magistrate judge have used this method to identify the exhibits and, for clarity, the Court will use the same names for the exhibits.

whether Broadspire's approval of benefits has an economic impact on Broadspire." Dkt. # 36, at 5-6.

In compliance with the magistrate judge's order, defendants submitted an affidavit by Greg Griffin, the human resources director for Cingular.  Griffin states that Cingular does not have a written agreement with Broadspire but, instead, Cingular agreed to pay Broadspire a flat monthly fee for claims-handling services.  Broadspire received a flat fee for additional services, such as peer reviews and appeals.  Cingular claims that Broadspire's approval or denial of short-term disability claims has no economic impact on Broadspire, and that "Broadspire has full discretion and authority to make all STD claims determinations and appeals determinations under the Cingular Wireless Bargained Disability Benefits Plan." Dkt. # 39, at 2-3.  Plaintiff claims that this is inadequate, and that the magistrate judge's limited grant of discovery allows Cingular to control the discovery process.

## II.

Pursuant to N.D. Okla. LCvR 37.1, Plaintiff's Objection to Defendants' Submission of Opposed Administrative Record (Dkt. # 30) and plaintiff's Renewed Request for Discovery on ERISA Issues (Dkt. # 31) were referred to the magistrate judge for resolution.  Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter."  28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006).  Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to the law.

**III.**

Plaintiff appeals the magistrate judge's order on two separate grounds.  First, plaintiff claims that the magistrate judge's decision to exclude certain documents from the administrative record was clearly erroneous.  Second, plaintiff appeals the magistrate judge's ruling granting in part and denying in part plaintiff's request for additional discovery on the existence of a conflict of interest by the plan administrator.

**A.**

Plaintiff objects to the magistrate judge's order denying supplementation of the administrative record with Exhibits C, D, and E.  Plaintiff argues that these and other exhibits are necessary to provide the Court a complete administrative record to review her ERISA claim.  In addition, plaintiff believes the administrative record should include information concerning plaintiff's COBRA claim, evidence about the proper standard of review of her claim, the Medical Disability Advisor ("MDA") guidelines, and a glossary to interpret abbreviations used by Broadspire throughout the administrative record.

Plaintiff misapprehends the scope of federal court review of an ERISA claim.  The Tenth Circuit has been explicit that district courts may consider only the evidence before the plan administrator at the time it made the decision to deny benefits.  Adamson v. Unum Life Ins. Co. of America, 455 F.3d 1209, 1214 (10th Cir. 2006); Nance v. Sun Life Assurance Co. of Canada, 294 F.3d 1263, 1269 (10th Cir. 2002); Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992).  When applying the arbitrary and capricious standard of review, it is plain error to supplement the administrative record with extrinsic evidence.  Geddes v. United Staffing Alliance Employee Medical Plan, 469 F.3d 919 (10th Cir. 2006) (remanding ERISA claim to the district

record, because the district court erred by relying on an affidavit that should not have been included

in the administrative record); <u>DeGrado v. Jefferson Pilot Financial Ins. Co.</u>, 451 F.3d 1161, 1170

(10th Cir. 2006) ("'Permitting or requiring district courts to consider evidence from both parties that

was not presented to the plan administrator would seriously impair the achievement of [ERISA's]

goal' of 'provid[ing] a method for workers and beneficiaries to resolve disputes over benefits

inexpensively and expeditiously.'").

Plaintiff has not cited any authority that would allow this Court to consider evidence that was

not before the plan administrator at the time it denied her claim.  In order for Exhibits C,D, and E

to be admissible, plaintiff must show that the plan administrator considered this evidence when it

reviewed plaintiff's claim.  Exhibit C is a generic document, not specific to plaintiff's claim,

discussing claims procedures, absence reporting protocol, and benefits calculations.   This exhibit

does not have any substantive information related to plaintiff's claim, nor has plaintiff shown that

Broadspire reviewed this document as part of plaintiff's claim. Exhibit D is a benefits newsletter

sent to all Cingular employees that explains Broadspire's status as a third-party claims administrator.

Broadspire did not generate this document, and this information is included elsewhere in the

administrative record.[2]  Exhibit E is a W-2 form verifying that plaintiff received short-term disability

benefits from Broadspire for a separate disability claim, but Broadspire does not dispute that it paid

plaintiff short-term disability benefits.  There is no need to supplement the administrative record

with Exhibit E.  The magistrate judge properly concluded that these exhibits should not be part of

the administrative record for plaintiff's ERISA claim.

---

[2]     Plaintiff references this exhibit, but fails to include any specific arguments why Exhibit D
should be added to the administrative record.

Plaintiff argues that the MDA guidelines, a glossary of initials to interpret evidence in the administrative record, and evidence related to plaintiff's separate COBRA claim should be added to the administrative record.  The administrative record describes the MDA guidelines utilized to review plaintiff's claim, and there is no need to include this lengthy secondary source with the administrative record.[3]  Broadspire did not generate a list of abbreviations for use with plaintiff's claim and states that, even if such a list exists, it did not review such a document in this case.  The administrative record is not unusually complex or difficult to understand without a list of abbreviations, and Broadspire is not required to generate documents that were not part of plaintiff's claims file for federal court review of an ERISA claim.  Finally, plaintiff's COBRA claim is entirely separate from her ERISA claim, and the magistrate judge noted that plaintiff may conduct discovery on her COBRA claim.  However, evidence related to the COBRA claim is not relevant to plaintiff's ERISA claim, and this evidence should not be included in the administrative record.  The magistrate judge's denial of plaintiff's objection to the administrative record was not clearly erroneous or contrary to law.

**B.**

Plaintiff claims that additional discovery is necessary to adequately brief the Court on the standard of review applicable to her ERISA claim.  The magistrate judge permitted limited discovery on this issue, but found that plaintiff should not be given free rein to conduct invasive and far-ranging discovery.  Cingular complied with the magistrate judge's order by submitting an affidavit describing the financial arrangement between Cingular and Broadspire.  Plaintiff claims that the

---

[3]      Defendants point out that the MDA guidelines are simply a third-party reference source that is available to the general public.

affidavit is insufficient to provide plaintiff with enough information to fully understand "to what extent any decision-making authority has been delegated [to Broadspire] and under what instructions." Dkt. # 38, at 6.

The general rule is that discovery is not permitted in ERISA cases. <u>Thomas v. Georgia Pacific Corp.</u>, 2006 WL 1207610, *4 (E.D. Okla. Apr. 28, 2006) ("Plaintiff could, with some justification, bemoan the fact that he is reduced to simply assuming these matters because discovery is not permitted in claims for ERISA benefits.  Nevertheless, the Court sees the purpose in prohibiting such discovery (a relatively speedy appellate review on the record) to outweigh the benefit of the costly process of deposing each claims processor and medical reviewer in hopes of uncovering bias against the payment of claims."); <u>Sumner v. Continental Cas. Co.</u>, 2006 WL 770623, *6 (N.D. Okla. Mar. 10, 2006) ("ERISA review is limited to those materials available to the claims administrator at the time of the final decision and, thus, there is no right to discovery."). However, courts have recognized a limited exception to this rule to allow some discovery when plaintiff challenges the procedure used to reach a benefits decision or asserts bias on the part of the plan administrator.  <u>Calvert v. Firstar Finance, Inc.</u>, 409 F.3d 286, 293 n.2 (6th Cir. 2005); <u>Orndorf v. Paul Revere Life Ins. Co.</u>, 404 F.3d 510, 520 (1st Cir. 2005).

Although the Court understands that plaintiff believes additional discovery would be helpful, ERISA cases are not reviewed in the same manner as other civil cases.  The Court must limit its review to the information before the plan administrator at the time it reached its decision and, therefore, discovery is not necessary.  <u>Allison v. Unum Life Ins. Co. of America</u>, 381 F.3d 1015, 1021 (10th Cir. 2004).  Plaintiff cites no authority that would permit the broad discovery she seeks in support of her ERISA claim.  The magistrate judge appropriately limited plaintiff's discovery to

matters directly relevant to plaintiff's allegations that Broadspire was operating under a conflict of

interest, and his decision was neither clearly erroneous or contrary to the law.  The Order (Dkt. #

36) of the magistrate judge is affirmed in all respects.

      **IT IS THEREFORE ORDERED** that Plaintiff's Objection to [Appeal of] Order [Docket

No. 36] (Dkt. # 44) is **denied**.

      **DATED** this 3rd day of January, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT